**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

———————————

No. 96-20502
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAY LATSON,

Defendant-Appellant.

———————————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. CR-H-95-174-3

———————————————————————————

March 12, 1997

Before DAVIS, EMILIO M. GARZA and STEWART, Circuit Judges.

PER CURIAM:[*]

Ray Latson appeals his conviction for conspiracy to possess with intent to distribute crack

cocaine and aiding and abetting same. He argues that he was entrapped by the Drug Enforcement

Agency. Accepting every fact in the light most favorable to the jury's guilty verdict, the evidence

established that a rational jury could have found beyond a reasonable doubt that Latson was

———————————————————————

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

predisposed to engage in the criminal conduct at issue. An officer acting undercover did no more than provide Latson with an opportunity to break the law, and Latson readily accepted the opportunity. Latson's lack of reluctance to engage in criminal conduct was sufficient to demonstrate predisposition. See United States v. Byrd, 31 F.3d 1329, 1334-35 (5th Cir. 1994), cert. denied, 115 S. Ct. 1432 (1995).

There is no plain error concerning the alleged sentencing- factor manipulation, see United States v. Vital, 68 F.3d 114, 119 (5th Cir. 1995); United States v. Garcia, 79 F.3d 74, 75 (7th Cir.), cert. denied, 117 S. Ct. 158 (1996), or the jury's inquiry regarding entrapment. See Byrd, 31 F.3d at 1335; United States v. Calverly, 37 F.3d 160, 162 (5th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1266 (1995).

AFFIRMED.